**UNITED STATES of America, Appellee,**

v.

**Jose GARCIA, Defendant,**

**Nestor Lopez, Defendant–Appellant.**

**Docket Nos. 01–1650, 01–1651.**

United States Court of Appeals, Second Circuit.

Aug. 29, 2002.

Helen V. Cantwell, Assistant United States Attorney, for James B. Comey, United States Attorney, Southern District of New York; David Raymond Lewis, Assistant United States Attorney on the brief, for Appellee.

Francisco E. Celedonio, New York, NY, for Appellant.

Present CALABRESI, POOLER and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

On October 6, 1988, members of the New York City Police Department entered the Manhattan hotel room of Jose Garcia and discovered approximately 780 grams of cocaine. Garcia was arrested and then told police he was expecting a phone call from the individuals who would pick up the drugs. When the phone call was received, the caller told Garcia he would arrive for the cocaine at 3:30 p.m. Around that time, defendant-appellant Nestor Lopez came to Garcia's hotel room and attempted to flee upon seeing the police officers. For this, Lopez was charged with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846.

After his arrest, Lopez was released on a $20,000 personal recognizance bond. He failed to return to court to face the conspiracy charges and was indicted for failure to appear in violation of 18 U.S.C. § 3146(a)(1). Eleven years later, Lopez was turned over to federal authorities after a New York arrest on unrelated charges. Lopez then pleaded guilty to the failure to appear charge and to the drug charges.

At sentencing, a number of adjustments were made to Lopez's base offense level under the Sentencing Guidelines, including one that allowed Lopez to avoid the mandatory minimum sentence of five years for his drug charges. See 18 U.S.C. § 3553(f). After these adjustments, Lopez faced a sentencing range of 46 to 57 months' imprisonment.

Lopez appeals the district court's decision not to depart from the range specified by the Guidelines on the basis of his physical condition and his mental and emotional condition. With respect to the former, Lopez presented evidence of severe arthritis in his legs, ankles, and knees and cystic growths in his heels and ankles. With respect to the latter, Lopez claimed suicidal ideations, depression, and insomnia.[1]

According to the Metropolitan Correctional Center ("MCC"), Lopez's physical ailments have received attention and "can be treated at any [Bureau of Prisons] facility." Lopez counters that although his medical problems have been evaluated, he has not received the treatment the evaluations indicated were necessary, including injection therapy and surgery. He suggests that MCC's inaction is proof that it is not capable of treating his ailments.

Section 5H1.4 of the Guidelines is clear that physical condition "is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Only in the case of an "extraordinary physical impairment" may a court depart from the sentencing range. This Circuit has held that a qualifying impairment is one that cannot be adequately cared for in the prison system. See United States v. Martinez, 207 F.3d 133, 139 (2d Cir.2000); United States v. Persico, 164 F.3d 796, 806 (2d Cir.1999);

---

1. The only document to which Lopez points that mentions suicidal thoughts is the Bureau of Prisons' intake screening form. But it arguably indicates that Lopez was negative for both head lice and suicidal thoughts. Given our disposition, it is unnecessary for us to resolve this issue, and we assume that Lopez's claim that he has had suicidal thoughts is true.

*United States v. Altman*, 48 F.3d 96, 104 (2d Cir.1995). It was therefore Lopez's task to convince the district court judge that the Bureau of Prisons could not accommodate his maladies. He was unsuccessful in doing so.

*While germane to the district court's decision whether to depart from the Guidelines, Lopez's claims regarding MCC's ability to provide for his medical needs are not germane here.* "[I]t is well established in this Circuit that a court's decision not to depart from the Guidelines is not normally appealable." *United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (per curiam); *see also United States v. Lainez–Leiva*, 129 F.3d 89, 93 (2d Cir.1997) (per curiam). Accordingly, Lopez's arguments that the district court abused its discretion are inapposite. We apply an abuse of discretion standard when we review decisions by district courts to depart from the Guidelines. *See Koon v. Unites States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). But we are not permitted to review for abuse of discretion decisions not to depart from a sentencing range specified by the Guidelines. *See, e.g., United States v. Coriaty*, 300 F.3d 244, 254 (2d Cir.2002).

The only exceptions to this rule arise when a defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the judge was mistaken about his or her authority to depart from the Guidelines. *See id.; Lainez–Leiva*, 129 F.3d at 93. None of these exceptions are implicated in this case.

There is no allegation that the law was violated or that the Guidelines were altogether misapplied. Nor is there any indication that Judge Preska did not understand the scope of her discretion. After hearing arguments and having received written motions, she noted the text of section 5H1.4 relating to physical condition and went on to rule:

> [I]t does not appear that this defendant's physical ailment is of such a significant nature that it would take the case out of the heartland and out of the applicable guideline range. [I] am certainly sensitive to the fact that the defendant is enduring some pain with these tendon cysts, but it is not, in my view ... a sufficiently serious ailment to take the case out of the guidelines range. I also note that the [defendant] has been making his way about and the like.

Rather than an indication that Judge Preska did not understand her discretion, her words affirmatively indicate that she understood the approach the Guidelines take to this sort of departure.

We have considered all of the defendant's arguments and find them meritless. Since this case presents none of the exceptions to the rule that decisions not to depart from the Guidelines are not reviewable, we DISMISS the appeal.